IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYAN ELLIOT FEHDERAU,

Plaintiff,

vs.

CATHOLIC HEALTH INITIATIVES,

Defendant.

8:18CV591

MEMORANDUM
AND ORDER

Plaintiff filed his Complaint on December 26, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.)[1] The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this negligence action against Defendant Catholic Health Initiatives alleging Defendant committed "[a]ssault," "[f]elony false imprisonment" and "[o]mission supervision" on May 1, 2018, at Lasting Hope Recovery Center. (Filing No. 1 at CM/ECF p. 4.) Plaintiff seeks $10,000,000.00 in damages as relief.

---

[1] In the order granting Plaintiff leave to proceed in forma pauperis, the court also denied Plaintiff's Motion for Exemption from Payment of the PACER User Fee. (Filing No. 5; Filing No. 6.) Plaintiff filed an interlocutory appeal of the court's denial of the exemption which was dismissed by the Eighth Circuit Court of Appeals on May 6, 2019, for lack of jurisdiction. (*See* Filing Nos. 7, 15, & 16.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*,

551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Plaintiff's Complaint fails to meet this minimal pleading standard. Moreover, the Complaint's allegations fail to establish the court's subject-matter jurisdiction.

A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). Subject-matter jurisdiction may also be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Here, Plaintiff has not alleged the parties are citizens of different states. In fact, Plaintiff alleges he is a citizen of Nebraska and Defendant is a corporation incorporated under the laws of Nebraska with its principal place of business also in Nebraska. In addition, he did not allege a cause of action under federal law. Therefore, the Complaint's allegations fail to establish that jurisdiction exists under section 1331 or section 1332 and the court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court will not provide Plaintiff with an opportunity to file an amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 23rd day of September, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge